UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN QUAKER,<br><br>          Plaintiff,<br><br>v.<br><br>T-MOBILE,<br><br>          Defendant. | Case No. 20-cv-10333<br><br><br>**NOTICE OF REMOVAL** |

   Pursuant to 28 U.S.C. §§ 1441(a) and 1332, Defendant T-Mobile US, Inc. ("T-Mobile"), by and through its undersigned attorney, hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  In support thereof, T-Mobile say as follows:

   1.   On or about August 31, 2020, Plaintiff Dawn Quaker, appearing *pro se*, filed a civil action against T-Mobile in the Supreme Court of New York, County of New York, bearing Index No. 100768/2020.

   2.   T-Mobile was served with a cover letter, a summons, and a complaint, on November 18, 2020.  Attached hereto as Exhibit A is a true and accurate copy of the cover letter, summons, and complaint that was served on T-Mobile.

   3.   This Notice of Removal is timely because it is being filed within thirty days of service of the summons and complaint on T-Mobile.

**I.   This Action Is Removable Pursuant to 28 U.S.C. § 1332(a).**

   4.   This is a civil action over which this Court has original jurisdiction based on diversity pursuant to 28 U.S.C. § 1332 and which may be removed to this Court pursuant to 28

U.S.C. § 1441(a) because (1) diversity of citizenship exists between the Plaintiff and the Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest.

### A. Diversity of Citizenship Requirement Is Satisfied.

5. Under information and belief, Plaintiff is a citizen of New York. Although Plaintiff does not allege her citizenship, Plaintiff identifies her residence as 40 Ann Street, New York, New York 10038. (Exhibit A at 2, 4, and 6).

6. T-Mobile is incorporated in Delaware and has its principal place of business in Washington. As such, for jurisdictional purposes, T-Mobile is a citizen of Delaware and Washington.

7. The diversity of citizenship requirement of 28 U.S.C. § 1332(a) is satisfied because the citizenship of T-Mobile is diverse to the citizenship of Plaintiff.

### B. The Amount in Controversy Requirement Is Satisfied.

8. In the cover letter Plaintiff served with the summons and complaint, Plaintiff states that she intends to seek $1 billion in damages from T-Mobile. (Ex. A at 2).

9. Thus, the amount in controversy exceeds $75,000, exclusive of costs and interest.

10. Upon the filing of this Notice of Removal, T-Mobile will give written notice thereof to Plaintiff and will file copies of this Notice with the Clerk of the Supreme Court of the State of New York, County of New York.

11. In filing this Notice of Removal, T-Mobile does not waive, and specifically reserves, all defenses, exceptions, rights, and motions. No statement herein or omission herefrom shall be deemed to constitute an admission by T-Mobile of any of the allegations of or damages sought in the Complaint.

308355650.1

**WHEREFORE,** T-Mobile respectfully gives notice of the removal of the state action referenced herein from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: December 8, 2020    **K&L GATES LLP**

By:  s/Loly G. Tor
     Loly G. Tor, Esq.
     Reymond E. Yammine, Esq.
     One Newark Center, Tenth Floor
     Newark, New Jersey 07102
     T: (973) 848-4000
     F: (973) 848-4001
     loly.tor@klgates.com
     Reymond.Yammine@klgates.com
     *Attorneys for Defendant T-Mobile US, Inc.*