UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN QUAKER,

                Plaintiff,

      v.

T-MOBILE,

                Defendant.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3-16-21

20-CV-10333 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      On March 12, 2021, the Court received a letter from Plaintiff requesting that counsel be appointed for her until she is able to secure counsel of her own. Dkt. 10. In civil cases, unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Even if a court believes that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *See Mallard v. US. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). In considering whether to grant an indigent litigant's request for pro bono counsel, a district court considers the merits of the case, the litigant's efforts to obtain a lawyer, and the litigant's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). It is too early for the Court to assess the merits of Plaintiff's case and as a result, her request for the appointment of counsel is denied without prejudice to renewal at a later date if additional grounds for the application are presented to the Court. The Court would also like to remind Plaintiff that free legal assistance may be available to her through the New York Legal Assistance Group ("NYLAG"), which is an independent free legal clinic. Plaintiff can contact NYLAG by calling (212) 613-500 or emailing info@nylag.org.

The Court would also like to draw Plaintiff's attention to its December 23, 2020 order, which can be found at docket entry 9 on this case's docket.  The Court will request the Clerk of Court to resend it to her now.  Pursuant to that order, Plaintiff is required to file an amended complaint that states clearly which acts by T-Mobile caused her harm and explains the legal grounds on which she seeks relief from that harm. Plaintiff was required to file this amended complaint no later than February 21, 2021.  The Court will now grant Plaintiff until April 16, 2021 to do so.

Also pursuant to the Court's December 23, 2020 order, the initial pre-trial conference in this case was adjourned until May 21, 2021, at 10:30 am.  The conference will be held by telephone.  To access the conference, Plaintiff should call (888) 363-4749 at the appropriate time and enter the Access Code 1015508.  This conference line is open to the public. If Plaintiff is proceeding pro se (without an attorney), she is required to appear personally at this conference. If she has retained an attorney, he or she should attend the conference in Plaintiff's place, although Plaintiff is also welcome to attend.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff, as well as a copy of the Court's December 23, 2020 order.  *See* Dkt. 9.

SO ORDERED.

Dated:   March 16, 2021
         New York, New York

                                          _____
                                          RONNIE ABRAMS
                                          United States District Judge